# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DEBBIE SEARS,

    Plaintiff,

v.                                              Civil No. 07-CV-12353

COMMISSIONER OF                DISTRICT JUDGE JOHN CORBETT O'MEARA
SOCIAL SECURITY,                 MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I. RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

## II. REPORT

### A. Introduction and Procedural History

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkt. at 9, 10.)

Plaintiff was 47 years of age at the time of the most recent administrative hearing and has a twelfth grade education. (Tr. at 260.) Plaintiff's relevant work history included a brief period of factory work, which the ALJ concluded was insufficient to consider as substantial gainful employment, or past relevant work. (Tr. at 24, 62.)

Plaintiff filed the instant claim on June 26, 2003, alleging that she became unable to work on December 15, 1999. (Tr. at 43.) The claim was denied at the initial administrative stages. (Tr. at 28.) In denying Plaintiff's claim, the Defendant Commissioner considered migraine headaches and hypertension as possible bases of disability. (*Id.*)

On November 29, 2005, Plaintiff appeared with counsel before Administrative Law Judge (ALJ)Regina Sobrino, who considered the case *de novo*. In a decision dated January 24, 2005,[2] the ALJ found that Plaintiff was not disabled. (Tr. at 15-23.) Plaintiff requested a review of this decision on (12). (Tr. at 11-12.)

The ALJ's decision became the final decision of the Commissioner on April 25, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 3-5.) On June 1, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

---

[2]I suggest that the date stamps appearing in the ALJ's Decision (Tr. at 15, 23,) are in error and that the correct date is January 24, 2006.

B.  **Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B). There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq.*) Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, <u>Federal Disability Law and Practice</u> § 1.1 (1984). While the two programs have different eligibility requirements, both require a finding of disability for the award of benefits.

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.

Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.

Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.

Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

### D.    Administrative Record

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff was seen in the Emergency Room of Hurley Medical Center in January, 2003. (Tr. at 91-97.) Plaintiff was also seen by physicians at the Hamilton Community Health Network (Tr. at 132-189, 219-232,) received counseling at New Passages (Tr. at 233-254,) and underwent a consultative examination conducted at the request of the Disability Determination Service. (Tr. at 98-104.)

### E.    ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged

onset of her disability. (Tr. at 22.) At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id.*) At step four, the ALJ found that Plaintiff had no prior work. (*Id.*) At step five, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy. (Tr. at 22-23.)

F.  **Analysis and Conclusions**

1.  **Legal Standards**

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of light work. (Tr. at 21-23.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

2.  **Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be

affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

After review of this record, I suggest that substantial evidence supports the findings of the ALJ. As to Plaintiff's primary claim of disabling mental impairments, I suggest that the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. In *Cornette v. Comm'r of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988), the ALJ found that plaintiff's condition met both the A and B criteria of Listed Impairment 12.04. At issue was the date of disability. In that case, there was testimony that plaintiff's wife had to assist him in bathing and putting on his clothes. The plaintiff twice tried to commit suicide, and plaintiff did nothing but lie in bed and watch television. 869 F.2d at 264.

In *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991), the court reversed a finding of nondisability and held that plaintiff there met both the A and B criteria of Listed Mental Impairment 12.08. In *Lankford*, there was abundant evidence of repeated suicide attempts, violent behavior and repeated lengthy hospitalizations for treatment of mental disorders.

While counsel for Plaintiff seeks to make much of the ALJ's finding regarding Plaintiff's ability to concentrate (Tr. at 21,) the facts of the cases cited above stand in considerable contrast to those of the instant case. Although the record contains indications that Plaintiff was at times depressed and anxious, (Tr. at 167, 169, 174,) detailed psychiatric evaluations undertaken on at least two occasions by physicians at New Passages, yielded results indicative only of mild functional impairments. (Tr. at 195-197, 201-203.) Moreover, the record contains repeated indications that Plaintiff's condition was stable. (Tr. at 190-194.) I further suggest that there is in

this record no indication that mental impairments rendered plaintiff with "no useful ability to follow work rules, deal with the public, interact with supervisors, cope with work stress or relate predictably in social situations[,]" as was the case in *Walker v. Comm'r of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992).

Counsel for Plaintiff argues that the ALJ improperly discounted a "Medical Source Statement(Mental) authored by Plaintiff's treating psychiatrist. (Tr. at 255.) I suggest, however, that this argument fails to carry the day as the doctor's statements on this form are inconsistent with the findings the doctor himself recounted in the earlier described psychiatric evaluations, which the doctor himself conducted. (Tr. at 195-197, 201-203.)

A vocational expert ("VE") testified at the administrative hearing. In response to a hypothetical question from the ALJ presuming the ability to lift 20 pounds occasionally, the frequent lifting of no more than 10 pounds, the ability to stand and walk for about six hours, the occasional use of stairs or ramps undertaking simple low stress tasks, the VE identified like exertion janitorial, file clerk, stock clerk and general office clerk positions consistent with these hypothetical conditions. (Tr. at 271-272.) In light of the psychiatric evidence discussed earlier, I suggest that the VE's opinion is consistent with the medical evidence of record, and thus can properly be considered substantial evidence supporting the ALJ's findings. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). For the reasons discussed earlier, I suggest that Plaintiff's arguments to the contrary fail to pass muster.

While claims of disabling physical impairments are not advanced by counsel for Plaintiff, I note that except for a brief notation of back strain (Tr. at 222,) nowhere in the medical records

do any of Plaintiff's treating physicians consistently note any physical abnormalities inconsistent with the ability to undertake the light work described by the ALJ. (Tr. at 134-135, 140-141, 143-144, 152-153, 159-160, 163-164, 166-169, 173-174, 176-177, 180, 188, 222-225.) Nor does the record contain the results of any objective medical tests such as x-rays, myelograms, or electromyographic testing inconsistent with the ALJ's residual functional capacity analysis.

Upon review of the record, I therefore conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: January 29, 2008               United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Mikel Lupisella, and the Commissioner of Social Security, and served on U.S. District Judge O'Meara in the traditional manner.

Date: January 29, 2008          By     s/Patricia T. Morris
                                                  Law Clerk to Magistrate Judge Binder